103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leon Paul MEIER, Defendant-Appellant.
 No. 96-35257.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 06, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Leon Paul Meier appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. We review de novo a district court's decision on a § 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Meier's claim that the government failed to prove at sentencing that he possessed d-methamphetamine and not l-methamphetamine is waived by his failure to raise the claim at sentencing and on direct appeal. See United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir.1996); United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994). Meier's claim that his counsel was ineffective for failing to raise the l- versus d- methamphetamine argument at sentencing is also foreclosed by our decision in McMullen. See McMullen, 98 F.3d at 1158.
 
 
 4
 Meier also made a motion in the district court under 18 U.S.C. § 3582(c)(2), contending that he is entitled to a sentence reduction based on the application of Amendment 484 to the Sentencing Guidelines. The district court did not address the merits of Meier's 18 U.S.C. § 3582(c)(2) motion. Nevertheless, we need not remand because Meier was not entitled to relief. Amendment 484 states that the term "mixture or substance," as used in the Guidelines, "does not included materials that must be separated from the controlled substance before the controlled substance can be used," such as waste water from a illicit methamphetamine laboratory containing minute amounts of methamphetamine. United States v. Innie, 77 F.3d 1207, 1208 (9th Cir.1996). The district court calculated Meier's sentence by estimating the amount of drugs that his illicit laboratory could produce, however, and not by using the amount of methamphetamine contained in waste water. Accordingly, he is not entitled to relief under 18 U.S.C. § 3582(c)(2). See U.S.S.G. App.C, Amend. 484.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to his appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3